J-A15027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY COMFORT | |
| Appellant | No. 3185 EDA 2013 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001757-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 29, 2014**

Zachary Comfort appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County following his conviction for driving under the influence of a controlled substance, 75 Pa.C.S. § 3802(d)(1).  On appeal, Comfort challenges the court's order dismissing his motion to suppress.  We affirm.

State Troopers Zachary Fronk and Anthony Lewis were conducting routine patrol in an unmarked vehicle when they observed Comfort driving. While maintaining a consistent distance from Comfort's vehicle for approximately one mile, the troopers used the speedometer in the patrol car to determine that Comfort was traveling eighty (80) miles per hour in an area where the posted speed limit was fifty-five (55) miles per hour.  The troopers initiated a traffic stop.

Upon approaching Comfort's vehicle, the troopers noticed an odor of marijuana emanating from the vehicle and observed that Comfort's pupils were dilated and his eyes were glassy and bloodshot. Comfort admitted to smoking marijuana earlier in the day and consented to a blood draw, which was performed at a hospital within two hours of the traffic stop. Comfort's blood tested positive for the presence of marijuana.

Comfort was arrested and charged with driving under the influence of a controlled substance,[1] failure to obey traffic control devices,[2] and careless driving.[3] On August 16, 2013, Comfort filed a motion to suppress, arguing the troopers lacked probable cause to stop his vehicle because the Commonwealth did not prove the accuracy of the speedometer *testing equipment*. On September 5, 2013, the parties submitted a "Stipulation In Lieu of Testimony and Other Evidence," and the suppression court held a stipulated fact hearing on Comfort's motion to suppress. Thereafter, the suppression court denied Comfort's motion.

On November 15, 2013, the trial court held a stipulated fact trial, after which it found Comfort guilty of DUI – controlled substance. Comfort was

_____

[1] 75 Pa.C.S. § 3802(d).

[2] 75 Pa.C.S. § 3111(a).

[3] 75 Pa.C.S. § 3714(a).

sentenced to seventy-two hours to six months' incarceration.[4]  On appeal,

Comfort, raises one issue for our review:

> Whether the suppression court erred by denying
> Defendant's Motion to Suppress Evidence, by holding that
> the trooper lawfully stopped Defendant's car?

Our standard of review for an order denying a motion to suppress is

well established.

> We are limited to determining whether the lower court's factual
> findings are supported by the record and whether the legal
> conclusions drawn therefrom are correct.  We may consider the
> evidence of the witnesses offered by the Commonwealth, as
> verdict winner, and only so much of the evidence presented by
> [the] defense that is not contradicted when examined in context
> of the record as a whole.  We are bound by facts supported by
> the record and may reverse only if the legal conclusions reached
> by the court were erroneous.

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa. Super. 2006).

Comfort argues the suppression court erred in finding the troopers had

reasonable suspicion to stop Comfort because no facts suggest this was an

investigable offense (i.e., the troopers could not have discovered anything

further about Comfort's speeding by stopping his vehicle), and, therefore,

the troopers needed probable cause in order to lawfully perform a traffic

stop.  Comfort further argues probable cause did not exist at the time of the

stop because the Commonwealth failed to prove that the speedometer used

---

[4] The trial court stayed the defendant's sentence pending resolution of this appeal.

in the patrol vehicle was accurate because it did not prove the accuracy of the equipment used to test the speedometer.

We note first that Comfort is correct that the applicable standard is the more stringent one of probable cause. The troopers stopped Comfort for a speeding violation, not for suspected DUI. The Commonwealth concedes that probable cause is the applicable standard. **See** Appellee's Brief, at 8.

In **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (en banc), this Court noted the distinction between "the investigative potential of a vehicle stop based on a reasonable suspicion of DUI as compared to other suspected violations of the Motor Vehicle Code." **Id**. at 1289 (*citing* **Commonwealth v. Sands**, 887 A.2d 261, 270 (Pa. Super. 2005)). Whereas a vehicle stop for suspected DUI may lead to further incriminating evidence such as an odor of alcohol or slurred speech, a stop for suspected speeding is unlikely to lead to further evidence relevant to that offense. **Id**. Therefore,

> [A] vehicle stop based solely on offenses not 'investigable' cannot be justified by a mere reasonable suspicion, because the purposes of a **Terry** [5] stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing further to investigate. **An officer must have probable cause to make a constitutional vehicle stop for such offenses**.

**Id**. at 1290 (*quoting* **Commonwealth v. Chase**, 960 A.2d 108, 116 (Pa. 2008) (emphasis added)). **See also Commonwealth v. Landis**, 89 A.3d

---

[5] **Terry v. Ohio**, 392 U.S. 1 (1968).

694 (Pa. Super. 2014) (showing of probable cause necessary to justify police officer's stop of defendant for violation of statutory requirement that driver obey roadway laned for traffic, where there was no express indication that officer stopped defendant in order to conduct additional investigations into driving under influence (DUI) or other impairments of ability to drive safely); **Chase**, **supra** (reaffirming probable cause standard for non-investigative detentions of suspected Vehicle Code violations).

In **Feczko**, a police officer stopped defendant's vehicle solely based on defendant's failure to maintain a single lane in accordance with 75 Pa.C.S.A. § 3309. We held, therefore, that the vehicle stop could be constitutionally valid only if the officer could "articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Vehicle] Code." **Feczko**, 10 A.3d at 1291. We also held that the officer's observation of the defendant swerving over the double yellow median line and the fog line created probable cause to suspect a violation of section 3309. **Id**.

The analysis in **Feczko** is applicable here. After observing Comfort's vehicle at a consistent distance for approximately one mile, the troopers determined that Comfort was traveling at a speed of 80 miles per hour in an

area where the posted speed limit was 55 miles per hour.[6]   When the troopers stopped Comfort's vehicle, they had nothing further to investigate regarding the speeding violation. Pursuant to **Feczko**, therefore, the troopers needed probable cause to believe that Comfort violated the Vehicle Code.   75 Pa.C.S. §§ 3111(a), 3714(a).   Since the troopers were able to articulate facts that established an unequivocal violation, we conclude that probable cause existed in this case for a lawful traffic stop.   **See Commonwealth v. Gleason**, 785 A.2d 983, 986 (Pa. 2001) (in deciding whether police officer has probable cause to conduct traffic stop for violation of Vehicle Code, court need only rely on specific facts articulated by officer to establish that vehicle or driver was in violation of some provision of Vehicle Code); **Commonwealth v. Enick**, 70 A.3d 843 (Pa. Super. 2013) (holding officer had probable cause to stop vehicle after observing vehicle briefly cross double yellow line into oncoming traffic).

Comfort also argues that because the Commonwealth failed to produce documentation verifying the accuracy of the speedometer testing equipment, the troopers lacked probable cause to perform the initial traffic stop.   We

_____

[6] For a police officer to ascertain the speed of a motor vehicle using a speedometer, the officer is required to time the vehicle's speed for a distance no less than three-tenths (3/10) of a mile.   **See** 75 Pa.C.S. § 3368(a) ("Speedometers authorized.--The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.").

find this argument unpersuasive. We agree with the Commonwealth that the appellant is conflating whether the troopers had probable cause *at the time of the stop* with whether the Commonwealth had sufficient evidence at trial to sustain a conviction against Comfort for speeding. The officer is not required to prove the violation in order to make a lawful traffic stop; the sufficiency of the evidence required to sustain a speeding conviction is irrelevant to the quantum of cause an officer needs to conduct a lawful vehicle stop.[7]

Additionally, we point out that the parties stipulated that Comfort was timed for a distance of one mile and was clocked by the patrol car's speedometer going 80 miles per hour in a 55 mile per hour zone. **See** Stipulation in Lieu of Testimony and Other Evidence, 9/5/2013, at ¶2 (E)-(G). The parties also stipulated that the patrol car's speedometer was tested and found accurate on November 28, 2012, **id**. at ¶2 (I)-(J), and a copy of the certificate of accuracy was attached to the Stipulation as Exhibit A. Comfort's argument that probable cause to stop his vehicle did not exist because the Commonwealth did not present a certificate of accuracy for the actual testing equipment, though an interesting argument, is of no moment

_____

[7] We note that at trial the Commonwealth withdrew the summary charges of careless driving and obedience to traffic control device, and proceeded only on the DUI charge, 75 Pa.C.S. § 3805(d)(1). **See** N.T. Trial, 11/15/2013, at 11.

here. As we noted above, the Commonwealth withdrew the summary charges of careless driving and obedience to traffic control device.

In light of the foregoing, we agree with the Commonwealth that the vehicle stop in this case was lawful. The court properly denied Comfort's motion to suppress evidence. *Hughes*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014